**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADVANCED NETWORK INSTALLATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-00974 Judge Nora Barry Fischer |
| vs. | ) ) | |
| THOMAS W. CAMERON, doing business as CAMERON EXCAVATING AND UTILITIES, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

**I.    Introduction**

This matter comes before the Court on Defendant Thomas W. Cameron's ("Defendant") Motion for Sanctions directed at Plaintiff Advanced Network Installations, Inc. ("Plaintiff"). (Docket No. 26). For the reasons stated fully herein, the Court grants in part and denies in part Defendant's Motion for Sanctions (Docket No. [26]).

**II.    Arguments**

In his Motion for Sanctions filed on March 20, 2009, Defendant argues that due to Plaintiff's representative Michael Thompson's ("Thompson") "unexplained and inexcusable absence" at the arbitration of this matter scheduled for February 26, 2009, Defendant has been deprived of an early, neutral evaluation of this matter and the opportunity for such evaluation to result in amicable resolution. (Docket No. 26 at 3). Defendant also claims that at no time prior to the scheduled

arbitration did Thompson notify Defendant's counsel that he would be unavailable. (*Id.* at 2). Moreover, during a conference call with the Court one day before the hearing, on Wednesday, February 25, 2009, upon Defendant's request to continue the arbitration, Plaintiff's counsel asserted that Thompson had already purchased a flight from Boston, Massachusetts to Pittsburgh, Pennsylvania and was to arrive that evening. (*Id.*). However, it was not until Plaintiff's counsel, Defendant and his counsel, and the arbitrator convened on Thursday, February 26, 2009 did they learn that Thompson was not going to be attending and was not even in Pittsburgh. (*Id.*). Defendant claims that Thompson did not attend because he was upset with the developments in his divorce proceeding that occurred sometime on Wednesday, February 25, 2009, and as such decided to go home to Virginia rather than fly to Pittsburgh. (*Id.*). Therefore, Defendant maintains that Thompson's reason for not attending did not constitute an "emergency" for purposes of this Court's ADR Policies and Procedures. (*Id.* at 3). Nor was it "extraordinary or otherwise unjustifiable hardship" for purposes of the same. (*Id.*).

Defendant further argues that regardless of Thompson's reason, he had an affirmative duty to notify his counsel so that his counsel, in turn, could notify Defendant and the arbitrator. (*Id.*). Additionally, Defendant maintains that if Thompson could not attend because of a previously scheduled divorce proceeding, he would have had plenty of time to provide the requisite notification. (*Id.*). As a result of Thompson's failure to attend and/or failure to notify of his nonattendance, Defendant asserts he has incurred legal fees in the amount of $2,262,50 in preparation for the arbitration and the instant motion. (Docket No. 26 at 3; Docket No. 26-2). Defendant also incurred expenses in the amount of $95.15 to travel from Uhrichsville, Ohio to Pittsburgh for the hearing. (Docket No. 26-3). Accordingly, Defendant requests that the Court enter an order assessing

sanctions against Plaintiff in the amount of $2,357.65. (Docket No. 26 at 4).

Plaintiff filed its Response to Defendant's Motion on March 27, 2009, in which Plaintiff's counsel assures that he was not aware that Thompson was unable to attend until the day of the arbitration. (Docket No. 27 at 2). Thompson claims he had a scheduling conflict with a family law proceeding on Wednesday, February 25, 2009 which prevented him from attending. (*Id.*). He further argues that the term "emergency" and "extraordinary or otherwise unjustifiable hardship" are not defined in the Policies and Procedure and that being scheduled for two separate court appearances in two separate states within 24 hours does constitute either an emergency or a hardship for which Thompson would have been excused pursuant to the Policies and Procedures. (Docket No. 27 at 3). By way of further answer, Thompson admits that he should have notified his counsel in advance, however, he argues that the Policies and Procedures do not create an affirmative duty for him to do so and that even if he had notified his counsel, "Defendant still would have the same grounds for sanctions." (*Id.* at 4).

Plaintiff further responds that Defendant was still able to have the opportunity to present his counterclaim, which was evaluated by the arbitrator and upon which the arbitrator issued an assessment of the merits. (*Id.*). To that end, Defendant was able to present testimony and evidence to support his counterclaim while Plaintiff's counsel was able to cross-examine Defendant on said testimony and challenge the offered evidence. (Docket No. 27 at 6). Therefore, Thompson's absence did not prejudice the Defendant to the degree claimed and Defendant was not deprived of an early neutral evaluation of the case. (*Id.*). Conversely, Plaintiff contends it is Thompson who has been prejudiced as his counsel could not present his testimony or evidence. (*Id.* at 7). Hence, Thompson argues that his absence has deprived him of an early neutral evaluation of his claim and that

Defendant is now in an uneven bargaining position. (*Id.*). In response to Defendant's claim for sanctions, Plaintiff also argues that Defendant has failed to break down the work his counsel performed to determine how much work was done to defend against Plaintiff's claims and to prepare his counterclaim. (*Id.* at 8). Finally, Plaintiff notes that because Defendant had to be in attendance regardless of Thompson's attendance to pursue his counterclaim, Defendant's mileage should not be included in any calculation of sanctions against Plaintiff. (*Id.*).

### III.    Procedural Background

After briefing concluded on the instant motion, on March 30, 2009, the Court convened a telephone status conference with counsel wherein the Court heard argument from counsel regarding the instant motion and statements from Thompson regarding his absence at the Court ordered arbitration. Upon consideration of same, the Court ordered Thompson to secure and file an affidavit by his Massachusetts family law attorney by April 6, 2009 outlining the reasons for Thompson's failure to appear at the arbitration hearing. (Docket No. 29). The Court further ordered that any supplement to the Motion for Sanctions or reply by Defendant in response to said affidavit be filed by April 13, 2009. (*Id.*).

Thereafter, on April 7, 2009, Thompson filed the affidavit of Paul J. Starr, Esquire, an attorney licensed to practice law in the Commonwealth of Massachusetts.[1] (Docket No. 31-2). In said affidavit, Mr. Starr attests that he represents Lisa Thompson, wife of Michael Thompson, relative to a divorce action pending in Massachusetts. (*Id.*). He further states that upon his request,

---

[1]

Although Defendant was granted leave to file a supplement to its Motion for Sanctions or a reply to Mr. Starr's affidavit by April 13, 2009 (*see* Docket No. 29), a review of the docket in this matter reveals that Defendant did not file either supplement or a reply.

Thompson attended a meeting at his offices in Stoughton, Massachusetts on Monday, February 23, 2009, at which time they addressed matters pertaining to the divorce between Thompson and Lisa Thompson. (*Id.*). Thompson also represented to this Court during the conference call on March 30, 2009 that while he was in Boston the week of February 23, 2009, he was attempting to remove items from his house where his wife was still living.

The Court will now address this Court's ADR Policies and Procedures as to they relate to the instant Motion for Sanctions.

## IV.    This Court's ADR Policies and Procedures

ADR is mandatory in the Western District of Pennsylvania. *See* W.D. Pa. Local Rule 16.2, available at http://www.pawd.uscourts.gov/Documents/Forms/lrmanual.pdf. This Court's ADR Policies and Procedures include court sponsored arbitration, which is authorized in this district under 28 U.S.C. § 651.[2] *See* http://coldfusion.pawd.uscourts.gov/adr/Documents/adrpoliciesprocedures. pdf. Here at a case management conference on November 13, 2008, the parties agreed upon non-binding arbitration as their ADR process. (*See* Docket No. 12). They also selected the Honorable Joseph Del Sole as the arbitrator. (Docket No. 14).

Pertinent to the instant matter, these policies and procedures state that counsel and the parties "must respond promptly to and cooperate fully with the arbitrator(s) with respect to scheduling the pre-session phone conference and the arbitration hearing." *Id.* at paragraph 5.4(A). This policy further provides that the arbitration hearing date "must not be continued...except for emergencies as

---

[2]

Specifically, this section authorizes alternative dispute resolution in the United States District Courts in all civil actions. 28 U.S.C. § 651(a)-(b). It further authorizes the district courts to devise and implement their own ADR programs by local rule in order to encourage and promote the use of ADR in each district. 28 U.S.C. § 651(c).

established in writing and approved by the assigned Judicial officer." *Id.* If a participant cannot attend because of an emergency, counsel for that party or the party itself "must notify the arbitrator(s) immediately upon learning of such...emergency." *Id.* Paragraph 5.8(A) expounds upon this requirement as each party must attend the arbitration hearing unless excused upon request. *Id.* at paragraph 5.8(A). Such a request by a person required to be in attendance to be excused must reflect that the person would suffer "an extraordinary or otherwise unjustifiable hardship." *Id.* at paragraph 5.8(D).

The individual party seeking to be excused must file a motion with the assigned Judicial Officer no fewer than 15 days before the date set for the session. *Id.* This motion must specifically state the support for the request, the realistic amount in controversy in the case, whether the other party or parties consent or object to the request, and must be accompanied by a proposed order. *Id.* No such motion was filed in this case. A person excused from attendance at the arbitration hearing must be available to participate by telephone. *Id.* at paragraph 5.8(E). Mr. Thompson did not make himself available by telephone. Any party who fails to have in attendance the necessary decision maker, unless a request as described herein is granted, will be subject to sanctions. *Id.* at paragraph 5.8(A)(3).

## V.   Discussion

Given the language of the Court's ADR Policies and Procedures, Thompson's failure to attend the court sponsored arbitration in this matter without providing advance notice to his counsel, the opposing party, and the arbitrator is, in this Court's estimation, sanctionable conduct. The ADR Policies and Procedures of this Court clearly state that each party must attend the arbitration hearing unless excused by request. *See* ADR Policies and Procedures, *supra*, at paragraph 5.8(A). Thompson

admits that no such request was made here and that he should have notified his counsel in advance. (Docket No. 27 at 3). The Court does not agree with his argument that he did not have an affirmative duty to provide advance notice as the ADR policies explicitly hold that a person seeking to be excused from attendance must file a motion no fewer than 15 days before the date set for the arbitration. (*Id.* at 4). At the very least, Thompson had a duty to call his attorney to let him know he could not attend. Furthermore, if Thompson was unavailable to attend in person, for whatever reason, he could have participated in the arbitration by telephone. *See* ADR Policies and Procedures, *supra*, at paragraph 5.8(E). This he failed to do.

The Court further finds that Thompson's assertion that he had a family law proceeding the day before the arbitration on February 25, 2009 in Boston does not mesh with Attorney Starr's affidavit, as said affidavit states that Thompson was at a meeting in Starr's offices on February 23, 2009. (Docket No. 31-2). Therefore, Thompson had plenty of time within which to notify his counsel or the arbitrator that he would not be in Pittsburgh on the date set for the arbitration hearing.

Additionally, the Court does not agree with Plaintiff's argument that any prejudice that resulted from Thompson's absence is to the Plaintiff's detriment alone. Plaintiff, through Thompson, had a duty to abide by this Court's ADR Policies and Procedures, specifically, to provide notice that he was unable to attend or file a motion requesting a continuance. That was not done here. Instead, Plaintiff's counsel, Defendant and his counsel, and the arbitrator were left in the dark concerning Thompson's situation until after the arbitration hearing had commenced. However, the Court does agree, in part, with Plaintiff's argument that Defendant was able to present his counterclaim and receive a neutral assessment thereon by the arbitrator. Further, regardless of Plaintiff's situation, Defendant and his counsel were required to be present at the arbitration in person.

The Court appreciates that Mr. Thompson may be under stress due to his marital and financial difficulties. However, the Court must take into consideration the Plaintiff's decision to litigate here; the parties' agreement to arbitrate; the Court's scheduling of the same;[3] and the fact Mr. Thompson didn't advise anyone - even his own counsel of his intention to not appear.

Therefore, as the ADR Policies and Procedures provide this Court with the authority to impose sanctions for violations of them, the Court will grant in part Defendant's Motion for Sanctions and will assess sanctions against Plaintiff and Thompson. Because Thompson has represented to this Court that he is currently suffering severe financial difficulties due to the downturn in his business, and his divorce proceedings, a fact which his counsel's Motion to Withdraw as Attorney (Docket No. 24) also reflects, and the fact that Defendant did secure the arbitrator's assessment of its claim, the Court denies Defendant's motion as to the entire monetary amount requested. Instead, the Court hereby sanctions Thompson in the amount of $1,100.00, to be paid to Defendant Thomas W. Cameron, doing business as Cameron Excavating and Utilities, within thirty (30) days of this Court's Order.

## V.    Conclusion

Based on the foregoing, the Court **GRANTS in part**, and **DENIES in part** Defendant's Motion for Sanctions [26].  It is further ordered that Plaintiff and Thompson shall pay to Defendant Thomas W. Cameron, doing business as Cameron Excavating and Utilities, sanctions in the amount of $1,100.00 for Thompson's failure to adhere to this Court's ADR Policies and Procedures by

---

[3]

In accordance with the ADR Policies and Procedures, the Clerk of this Court arranges the arbitration hearing and pays the arbitrator a fee of $250.00 per day. *See* ADR Policies and Procedures, *supra*, at paragraphs 5.3(A)-(C) and 5.4

failing to attend the arbitration in this matter and/or provide timely advance notice of the same.

_s/ Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Dated:          April 22, 2009
CC/ECF**:**     All counsel of record.